Filed 4/28/23 P. v. Vaca CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047346 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 199877) |
| v. | |
| BRYAN CHRISTOPHER VACA, | |
| Defendant and Appellant. | |

### I.    INTRODUCTION

In 1998, defendant Bryan Christopher Vaca was convicted by jury of second degree murder (Pen. Code, § 187)[1] and attempted murder (§§ 664, subd. (a), 187).  The jury also found true allegations that he personally used a deadly and dangerous weapon in the commission of each offense (§ 12022, subd. (b)(1)).  In a second phase of the trial, the jury found that defendant was legally sane when he committed the offenses.  Defendant was sentenced to 24 years to life in prison.  This court affirmed the judgment on direct appeal. (*People v. Vaca* (August 9, 2000, H019100) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under former section 1170.95, now section 1172.6, which allows a defendant convicted of felony murder or murder under the natural and probable consequences doctrine to petition the trial court to vacate the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

conviction based on changes in the law. In this case, after appointing counsel for defendant, receiving briefing from the parties, and holding a hearing, the trial court denied the petition.

Defendant filed a notice of appeal from the trial court's order denying his section 1170.95 petition. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that did not raise any issues and asked this court to conduct an independent review of the record. We notified defendant that we would examine the record pursuant to *Wende* and that defendant may submit written argument on his own behalf within 30 days. That period elapsed, and we received no response from defendant.

In a nonpublished opinion, we concluded that we were not required to conduct independent review of the record to determine whether there were any arguable issues because this appeal by defendant originated from a postconviction proceeding and was not a first appeal as of right. As his appointed counsel did not raise any arguable issue regarding the trial court's order and defendant did not file a supplemental brief, we dismissed the appeal.

The California Supreme Court granted review of this court's opinion and deferred further action pending consideration and disposition of a related issue in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). The California Supreme Court subsequently filed its opinion in *Delgadillo*, holding that a Court of Appeal does not have a duty to independently review an order denying a petition for postconviction relief under former section 1170.95. (*Delgadillo*, *supra*, at pp. 221-222.) The California Supreme Court explained that in such cases, "the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned." (*Id.* at p. 222.) The California Supreme Court further explained that if a Court of Appeal (1) has indicated in a notice to the defendant that *Wende* procedures apply when they do not and (2) has failed to inform the defendant that the appeal will be dismissed as

2

abandoned if no supplemental brief or letter is filed, the Court of Appeal may "conduct independent review in the interest of judicial economy" without having to reach the issue of whether the notice violated the defendant's right to due process. (*Delgadillo*, *supra*, at p. 233 fn. 6; see *id.* at pp. 222.) Because the notice provided by the Court of Appeal in *Delgadillo* was "suboptimal," the California Supreme Court proceeded to conduct independent review. (*Id.* at p. 233.) After finding that the record made "clear that [defendant] was the actual killer and the only participant in the killing" when he drove head on into another vehicle, killing one of its occupants, the California Supreme Court affirmed the judgment of the Court of Appeal dismissing the appeal. (*Id.* at p. 233; see *id.* pp. 222, 224, 234.)

Subsequent to *Delgadillo*, the California Supreme Court ordered this court to "vacate its decision and reconsider whether to exercise its discretion to conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232-233 & fn. 6." Pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216, we exercise our discretion to conduct an independent review of the record.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 1997, defendant drove his truck onto a sidewalk and hit two pedestrians. (*People v. Vaca*, *supra*, H019100, at p. 2.) One pedestrian died, and the other pedestrian sustained serious injuries. (*Ibid.*) Defendant had lithium and methamphetamine in his system. (*Id.* at p. 4.) Defendant told a witness at the scene that he " 'had to kill [the pedestrians] because they were after him.' " (*Id.* at p. 11.) When defendant was interviewed by the police about four hours after the incident, he did not appear to be under the influence of alcohol or drugs or mentally impaired. (*Id.* at pp. 2, 3.) Defendant told the police that it was an " 'accident,' " and he denied hearing voices or suffering from any mental difficulties. (*Id.* at p. 4.) He had previously been diagnosed with schizoaffective disorder. (*Ibid.*)

3

Defendant was convicted by jury of second degree murder (§ 187) and attempted murder (§§ 664, subd. (a), 187), and the jury found true allegations that he personally used a deadly and dangerous weapon in the commission of each offense (§ 12022, subd. (b)(1)). (*People v. Vaca*, *supra*, H019100, at p. 1.) In a second phase of the trial, the jury found that defendant was legally sane when he committed the offenses. (*Ibid.*) Defendant was sentenced to 24 years to life in prison. (*Ibid.*)

In April 2019, defendant filed a petition for resentencing under former section 1170.95 (now section 1172.6). In the petition, defendant contended that he was "convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The trial court appointed counsel for defendant and indicated that a hearing would be scheduled upon the completion of briefing.

In May 2019, the prosecutor filed opposition to defendant's petition. The prosecutor, relying on this court's opinion in defendant's appeal from his convictions for second degree murder and attempted murder, contended that defendant intentionally drove his truck into two pedestrians. The prosecutor argued that there was no issue of felony murder or natural and probable consequences in the case. The prosecutor observed that the jury was instructed on malice murder and attempted murder and that there was no instruction or issue regarding felony murder or natural and probable consequences. The prosecutor contended, among other things, that defendant did not qualify for relief.

In early July 2019, defendant's appointed counsel filed a reply brief "submit[ting] on the question as to whether [defendant] is statutorily qualified for relief under Penal Code section 1170.95" and "request[ing]" that the trial court "independently review the record" similar to the procedure outlined in *Wende*, *supra*, 25 Cal.3d 436. Appointed counsel "adopt[ed] the statement of facts as contained in the appellate court opinion in this case."

4

The trial court held a hearing on the petition on July 29, 2019. Defense counsel waived defendant's presence at the hearing. The court denied defendant's petition "based upon the reasons articulated in the [prosecutor's] opposition."

### III. DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.

### IV. DISPOSITION

The appeal is dismissed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
GROVER, J.

_____
DANNER, J.

*People v. Vaca*
**H047346**